# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CERTAIN REAL PROPERTY COMMONLY KNOWN AS 4512 SOUTH DREXEL BOULEVARD, CHICAGO, ILLINOIS, <br><br> Defendant, <br><br> and <br><br> FRANCIS BURNS and WORLD BURNS INC., <br><br> Claimants. | Case No. 18-CV-1290-JPS <br><br><br> **ORDER** |

Francis Burns ("Burns"), a putative claimant in this civil forfeiture action, had his pleadings in this matter stricken by the Court on March 6, 2019. (Docket #28). The Court simultaneously granted default judgment to the government. *Id.* Burns filed a notice of appeal of that ruling on April 24, 2019. (Docket #33). On May 24, 2019, the Court received a motion from Burns seeking leave to proceed on his appeal *in forma pauperis*.

Burns may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether Burns takes the appeal in "good faith," the Court must determine whether "a reasonable person

could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

The Court finds that Burns' appeal is not taken in good faith. Neither Burns' notice of appeal nor his motion for leave to proceed *in forma pauperis* offers any suggestion as to why he believes the Court's dismissal was in error. (Docket #33 and #42). Thus, Burns has not equipped the Court to determine whether he presents any non-frivolous reasons for his appeal. Even if he had presented meaningful arguments, in light of the extreme frivolity of Burns' other arguments in this matter, the Court is convinced that this appeal is clearly frivolous. The Court must therefore deny the motion for leave to proceed on appeal *in forma pauperis*.[1]

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Burns regarding proceeding before the Seventh Circuit. Burns will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives him permission to do so. Burns has 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Burns requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant

---

[1] The Court will also deny as moot Burns' motions to vacate the default judgment and for a more definite statement, both of which were filed after the Court entered its default judgment. (Docket #31 and #38). With the filing of the notice of appeal, this Court lacks jurisdiction to rule on any issues pertaining to the merits of this action.

to Fed. R. App. P. 24(a). He must also provide a copy of this order, in addition to the notice of appeal he previously filed. If Burns does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of Burns' motion; instead, it may require Burns to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Claimant Francis Burns' motion for leave to appeal without prepayment of the filing fee (Docket #42) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Claimant Francis Burns' motions to vacate judgment (Docket #31) and for a more definite statement (Docket #38) be and the same are hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge